SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883

Attorneys for Plaintiff
NAZAR YETENEKYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZAR YETENEKYAN, an individual,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF SAN BERNARDINO; DEPUTY K. BELER, an individual DEPUTY DOE 1 an individual; and DOES 1 through 10, inclusive.<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Unlawful Detention/Wrongful Arrest)<br>2. 42 U.S.C. § 1983 (Excessive Force)<br>3. 42 U.S.C. § 1983 (Failure to Intervene or Intercede)<br>4. 42 U.S.C. § 1983 (First Amendment)<br>5. 42 U.S.C. § 1983 (*Monell* Liability – Unconstitutional Custom, Practice or Policy)<br>6. 42 U.S.C. § 1983 (*Monell* Liability – Failure to Train)<br>7. 42 U.S.C. § 1983 (*Monell* Liability – Ratification)<br>8. Assault<br>9. Battery<br>10. Negligence<br>11. Negligent Supervision, Hiring, and Retention<br>12. Intentional Infliction of Emotional Distress<br>13. Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

- 1 -

COMPLAINT

## COMPLAINT FOR DAMAGES

1. Plaintiff NAZAR YETENEKYAN (Plaintiff) for his complaint against Defendants COUNTY OF SAN BERNARDINO and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with a confrontation between Plaintiff and yet-to-be identified members of the COUNTY OF SAN BERNARDINO SHERIFFS DEPARTMENT, which is owned and operated by Defendant COUNTY OF SAN BERNARDINO.

## PARTIES

3. At all relevant times, NAZAR YETENEKYAN ("NAZAR") was an individual residing in the County of Los Angeles, California.

4. At all times relevant, Defendant DEPUTY K. BELER ("BELER"), whose identity was previously unknown to Plaintiff, is and was a SHERIFF Deputy at the COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT, which is owned and operated by Defendant COUNTY OF SAN BERNARDINO ("COUNTY"). At all times relevant, BELER was acting under color of state law and was an agent and/or employee of Defendant COUNTY.

5. At all times relevant, Defendant DEPUTY DOE 1 ("DOE 1"), a male deputy who was wearing the COUNTY'S AXON BODYCAM Serial No. "X60AD9408" at the time of the incident, on March 10, 2025 at approximately 5:15 a.m., whose identity is presently unknown to Plaintiff, is and was a SHERIFF Deputy at the COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT, which is owned and operated by the COUNTY. At all times relevant, DOE 1 was acting under color of state law and was an agent and/or employee of Defendant COUNTY. At all relevant times, DEPUTY K. BELER and DEPUTIES DOES 2-8 are hereinafter collectively referred to as "DEPUTY DEFENDANTS."

6. At all times relevant, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all times relevant, the COUNTY was the employer of the DEPUTY DEFENDANTS and DOES 2-8, who were various COUNTY Deputies and/or supervisorial Deputies; and DOES 9-10, who were managerial, supervisorial, and policymaking employees of the COUNTY's SHERIFF'S DEPARTMENT. On information and belief, at all times relevant, the DEPUTY DEFENDANTS and DOES 1-10 were residents of the County of San Bernardino, California. DOES 1-10 are sued in their individual capacity for damages only.

7. At all times relevant, the DEPUTY DEFENDANTS and DOES 1-10, inclusive, were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as SHERIFF Deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

8. At all relevant times, the DEPUTY DEFENDANTS and DOES 1-10 were duly appointed SHERIFF Deputies and/or employees or agents of the COUNTY, subject to oversight and supervision by the COUNTY's elected and non-elected officials.

9. In doing the acts and failing and omitting to act as hereinafter described, the DEPUTY DEFENDANTS and DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the COUNTY.

10. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, training, conduct, and employment of each and every other COUNTY defendant.

11. The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants ///

when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrence giving rise to this action occurred in the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

15. On March 10, 2025, NAZAR was at his short-term rental house located at 1241 West Redwood Drive, Big Bear California 92314 ("Residence") with his girlfriend Alana Gordillo ("Gordillo"). As he approached the front door of the residence from the living room, he observed Gordillo in handcuffs on the porch near DEFENDANT DEPUTIES K. BELER and DEPUTY DOE 1. DEPUTY DOE 1 ordered NAZAR, "can you grab [Gordillo's] shoes, she's gonna need to sit in the car… can you grab her shoes"

16. At no time was Gordillo armed, resisting or causing a threat to deputies or others. Gordillo can be heard crying and contorting in intense pain, "you're hurting me…stop….I'm literally falling, look at my leg…please…you guys are hurting me…I have an attorney…I want your badge number…" At all times, NAZAR was unarmed and did not make any threats towards any of the DEPUTY DEFENDANTS and DOES 1-10, inclusive. Multiple videos captured the incident.

17. DEFENDANT DEPUTIES K. BELER and DEPUTY DOE 1 aggressively chicken-winged Gordillo by (1.) hooking her handcuffed arms behind her back, (2.)

torquing her straightened arms upward away from her back and toward the sky, (3.) thrusting her to bend over toward her shoulders, (4.) pushing her head down, (5.) jerking her up off the ground by her handcuffs and (6.) causing her barefoot toes to drag on the concrete. The chicken-wing (aka "pretzeling") technique employed by DEFENDANT DEPUTIES K. BELER and DEPUTY DOE 1 was a form of torture and is an improper technique.

18.    Gordillo can be heard crying and contorting in intense pain, "You're fucking hurting me…stop hurting me, stop hurting me…you're hurting me…you're hurting me…oww…you're hurting me… oww…you're hurting me… oww…you're hurting me… you're hurting me… you're hurting me…please stop…please…please stop…… you're hurting me…please stop…… you're hurting me…please stop…… you're hurting me." NAZAR pled with the deputies, "You guys don't need to do that to her, what are you guys doing to her.  You don't need to be doing that to her…"

19.    NAZAR had retrieved Gordillo's slippers pursuant to DEPUTY DOE 1's orders and was holding Gordillo's slippers in his right hand.

20.    NAZAR held out his cell phone with his left hand at eye level and began recording the deputies from a distance of approximately 10-15 yards.

21.    Upset because NAZAR was filming, and in retaliation, DEPUTY DOE 1 aggressively began to encroach upon NAZAR's physical space as he stood stationary. DEPUTY DEFENDANTS and DOES 1-10, inclusive, were physically much larger than NAZAR. As DOE 1 approached NAZAR, he started to manhandle him. NAZAR responded, "Please stop.. I'm bringing her slippers…I was bringing the slippers…you asked me for the slippers…brother you asked me for the slippers…" DEPUTY DOE 1 responded, "yes, put the stuff [including cell phone] on the ground…put it on the ground" NAZAR had committed no criminal act, did not provoke the deputies and was not involved in any crime.

22.    As NAZAR complied with DOE 1's directive to "put your stuff on the ground," and placed the cell phone and slippers on the ground. As NAZAR was bent

over, complying and following orders, DEPUTY DOE 1 conducted a leg sweep on NAZAR, thrusting his head and shoulder into the asphalt, and struck him multiple times, despite the fact that NAZAR had committed no criminal act and was not a threat to himself or any deputies or any other person.

23. Specifically, DOE 1 used excessive and unreasonable force on NAZAR when (1.) DOE 1 threw NAZAR to the ground; (2.) DOE 1 placed right hand on NAZAR'S left neck, effectively cutting off asphyxiation and circulation; (3.) DOE 1 placed his full weight on top of NAZAR's upper body for an extended period of time, while NAZAR was on his stomach. NAZAR mumbled, "I can't breathe," while emanating repeated, guttural noises. Thereafter, DOE 1 placed his left forearm on the back of NAZAR's neck, violently shoving his neck into the asphalt; NAZAR was on his stomach; DOE 1 continued to place his full weight on top of NAZAR's neck and upper body. DOE 1 struck NAZAR 2-3 times with a closed fist. Then, DOE 1 kneed NAZAR 3-4 times and otherwise unlawfully seized NAZAR in violation of NAZAR's Fourth Amendment rights. NAZAR pleaded with DOE 1, "I was bringing her slippers."

24. Upon information and belief, at no point prior to throwing NAZAR to the ground did the DEPUTY DEFENDANTS and DOES 1-10, inclusive, inform him that he was being arrested or detained.

25. DOE 1 used this force despite NAZAR not having committed any crime, not threatening force against the Deputies, and not having been detained or arrested.

26. Other DOE Deputies and DEPUTY BALAR watched and did not attempt to prevent NAZAR from being brutally beaten by the other Deputies despite having the opportunity and ability to do so.

27. NAZAR was thereafter taken to the Big Bear Jail, where he was booked, and continued to complain about his injuries and requested medical attention. Thereafter, he was taken to Bear Valley Hospital, where he received an MRI and was diagnosed with a fractured clavicle and injuries to his head and lower back.

///

- 6 -
COMPLAINT

28. On information and belief, DEPUTY DOE 1 beat NAZAR mercilessly in order to threaten him and to retaliate against NAZAR for recording the Deputies beating of Gordillo.

29. At no point did NAZAR threaten any Deputy, commit any criminal act, or pose a threat to himself or any other person. At all times NAZAR was compliant with every command given by the Deputies.

30. NAZAR suffered extreme physical emotional trauma due to the actions of the DEPUTY DEFENDANTS and DOES 1-10, inclusive. NAZAR suffered extreme physical and emotional trauma as well due to the actions of the DEPUTY DEFENDANTS and DOES 1-10, inclusive.

31. NAZAR was arrested for one misdemeanor violation of California Penal Code § 148(a), resisting arrest. The charge was dismissed by the Court on January 14, 2026. (*People v. NAZAR YETENEKYAN*, San Bernardino Superior Court, Case No. MSB25003062)

32. On September 6, 2025, NAZAR and NAZAR YETENEKYAN filed government tort claims against Defendant COUNTY for damages arising from the DEPUTY DEFENDANTS' and DOES 1-10's, inclusive, excessive use of force, and other related claims against him. On September 30, 2025, the COUNTY rejected the government tort claim.

## I.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Unlawful Detention/Wrongful Arrest

### (42 U.S.C. § 1983)

(By NAZAR against the DEPUTY DEFENDANTS and DOES 2-8, inclusive)

33. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

///

34.     The unjustified arrest and detention of NAZAR by the DEPUTY DEFENDANTS and DOES 2-8, inclusive, absent any reasonable suspicion or probable cause deprived NAZAR of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to NAZAR under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     NAZAR had not committed any criminal act in the presence of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, nor had he acted in a way that a reasonable Deputy could believe would immediately precede a criminal act.

36.     As such, based on those facts alone, there was no reasonable suspicion to detain NAZAR at the time of the incident.

37.     Upon arriving on the scene, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, immediately escalated the situation by grabbing and throwing NAZAR to the ground and mercilessly beating him. Ultimately, NAZAR was arrested by the DEPUTY DEFENDANTS and DOES 2-8, inclusive, despite not having committed any crime and there being no reasonable suspicion or probable cause to arrest him.

38.     The DEPUTY DEFENDANTS' and DOES 2-8's, inclusive, actions described above violated NAZAR's rights under the Fourth Amendment to the United States Constitution by subjecting NAZAR to an unreasonable and warrantless search and seizure.

39.     The DEPUTY DEFENDANTS and DOES 2-8, inclusive, detained NAZAR without reasonable suspicion and arrested him without probable cause.

40.     In detaining NAZAR without reasonable suspicion and arresting him without probable cause, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted intentionally and under color of state law.

41.     As a result of the actions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, NAZAR suffered physical injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

///

COMPLAINT

42. The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of NAZAR and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

43. NAZAR also seeks attorneys' fees under this claim.

## II.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

(By NAZAR against DEPUTY DOE 1 and DOES 2-8, inclusive)

44. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

45. DEPUTY DOE 1 and DOES 2-8's, inclusive, unjustified uses of excessive force against NAZAR deprived NAZAR of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to NAZAR under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. DEPUTY DOE 1 and DOES 2-8 inclusive, used excessive and unreasonable force against NAZAR when they, and each of them, grabbed him and threw him to the ground despite NAZAR not having committed any criminal act and with no reasonable suspicion; punched, kicked, elbowed, and kneed him repeatedly; placed a hand and forearm on NAZAR's neck while he was prone, cutting off his airway by means of positional asphyxiation; and otherwise used excessive and unreasonable force against NAZAR, causing injury.

46. At all relevant times, the law was clearly established and known to a reasonable officer that use of compression asphyxiation after being subdued constitutes excessive force. In the 2003 case of *Drummond v. City of Anaheim,* where officers crushed a civilian "by pressing their weight on his neck and torso, and continu[ed] to do so despite his repeated cries for air, and despite the fact that his hands were cuffed behind

his back and he was offering no resistance," the Ninth Circuit held that "[a]ny reasonable officer should have known that such conduct constituted the use of excessive force." 343 F.3d 1052, 1061 (9th Cir. 2003).

47. The unreasonable uses of force described above by DEPUTY DOE 1 and DOES 2-8, inclusive, deprived NAZAR of his rights to be secure in his person against unreasonable searches and seizures as guaranteed to NAZAR under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48. Specifically, DOE 1 used excessive and unreasonable force on NAZAR when he threw him to the ground, placed his full weight on top of him, including placing a hand and forearm on his neck, and struck NAZAR multiple times with a closed fist, and otherwise unlawfully seized NAZAR in violation of NAZAR's Fourth Amendment rights.

49. As a result, NAZAR suffered physical injury, a broken clavicle, a potential traumatic brain injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

50. As a result of the conduct of DEPUTY DOE 1 and DOES 2-8, inclusive, they are liable for NAZAR's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene or intercede to prevent these constitutional violations.

51. The use of excessive force in this instance was unreasonable under the circumstances because it was without probable cause, and deprived NAZAR of his Fourth Amendment right to be free of unreasonable seizures. NAZAR was only ultimately charged with "resisting arrest" despite not actually resisting any arrest, posing no threat to the Deputies or anyone else, was not obstructing lawful law enforcement action, and being wholly compliant with all Deputies at the time of the incident. Therefore, the force used by DEPUTY DOE 1 and DOES 2-8, inclusive, was unreasonable under the circumstances.

-10-
COMPLAINT

52. In using such excessive and unreasonable force on NAZAR, DEPUTY DOE 1 and DOES 2-8, inclusive, acted intentionally and under color of state law.

53. The conduct of DEPUTY DOE 1 and DOES 2-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DEPUTY DOE 1 and DOES 2-8, inclusive.

54. NAZAR also seeks attorneys' fees under this claim.

### III.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Failure to Intervene or Intercede**

**(42 U.S.C. § 1983)**

(By NAZAR against the DEPUTY DEFENDANTS and DOES 2-8, inclusive)

55. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

56. The unjustified beating of NAZAR by the DEPUTY DEFENDANTS and DOES 2-8, inclusive, deprived NAZAR of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57. Furthermore, each of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, had a duty to intervene or intercede in unconstitutional uses of excessive force by each of the other defendants against NAZAR, and each of them failed to do so.

58. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, each observed and had a reasonable opportunity to intervene or intercede in the unreasonable and excessive uses of force by each of the other DEPUTY DEFENDANTS and DOES 2-8, inclusive.

59. The unreasonable uses of force by the DEPUTY DEFENDANTS and DOES 2-8, inclusive, deprived NAZAR of his right to be secure in his person against

unreasonable searches and seizures as guaranteed to NAZAR under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

60.    As a result, NAZAR suffered physical injury, extreme mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

61.    As a result of the conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, they are each liable for NAZAR's injuries because they failed to intervene or intercede in each of the other defendants' unconstitutional acts.

62.    These uses of excessive and unreasonable force were unreasonable under the circumstances because there was no reasonable suspicion to detain NAZAR and no probable cause to arrest or use any force against him. These uses of force deprived NAZAR of his Fourth Amendment right to be free of unreasonable seizures. NAZAR posed no threat to the Deputies or anyone else, and was not resisting or obstructing lawful SHERIFF action, and, therefore, the force used by the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was extremely unnecessary under the circumstances.

63.    In using such excessive force on NAZAR, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted intentionally and under color of state law.

64.    The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of NAZAR and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

65.    NAZAR also seeks attorneys' fees under this claim.

///

///

///

- 12 -
COMPLAINT

## IV.

## <u>FOURTH CLAIM FOR RELIEF</u>

### Violation of First Amendment Rights (42 U.S.C. § 1983)

(By NAZAR against the DEPUTY DEFENDANTS

and DOES 2-8, inclusive)

66.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67.   During the incident that took place on March 10, 2025, NAZAR began using his cell phone to video record the excessive force being used against his girlfriend, Gordillo, by the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

68.   It is constitutionally protected activity to video record SHERIFF Deputies. As such, NAZAR YETENEKYAN was engaged in a constitutionally protected activity at all times relevant. See also, Penal Code § 148(g) and 69 (b). The right to gather, receive, record, and disseminate information is grounded in the Free Speech Clause of the First Amendment. This right is further grounded in the Petition Clause of the First Amendment (if the purpose of gathering, receiving, or recording the information is to use it to petition the government for redress of grievances), and the Free Press Clause of the First Amendment. The First Amendment guarantees the right to take photographs of and otherwise record law enforcement officers engaged in the public discharge of their duties and other matters or events exposed to public view. For convenience, the terms "photograph" and "photography" as used in this Complaint encompass all forms of recording matters or events, including but not limited to still photography and video recording.

69.   The public has a significant interest in monitoring and recording government officials, including the police department and their agents, "who are granted substantial discretion that may be misused to deprive individuals of their liberties." *Glik v. Cunniffe,* 655 F.3d 78, 82 (1st Cir. 2011). "The First Amendment to the U.S. Constitution protects most speech, even when it is disagreeable, offensive or hurtful…..However, when an

- 13 -
COMPLAINT

officer exceeds his authority by unreasonable conduct, he violates the sanctity of the law which he is sworn to uphold." SBSD Policy Manual Policy 1.610 pp. 86, 182 (2025).

70. At the time, it was clearly established law that "…it surely cannot be supposed that Penal Code section 148 criminalizes a person's failure to respond with alacrity to police orders. Moreover, appellant possessed the right under the First Amendment to dispute Officer Stefani's actions. '[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.' (*Houston v. Hill* (1987) 482 U.S. 451, 461, 107 S.Ct. 2502, 2509, 96 L.Ed.2d 398.)"" *People v. Quiroga*, 16 Cal. App. 4th 961, 966 (1993).

71. The California Legislature has brought clarity to a situation such as NAZAR's filming of law enforcement activity, making it clear that recording in a public place is not, in and of itself, a violation of the law. "The fact that a person takes a photograph or makes an audio or video recording of an executive officer, while the officer is in a public place or the person taking the photograph or making the recording is in a place, he or she has the right to be, does not constitute, in and of itself, a violation of subdivision (a)." (Cal. Pen. Code § 69). "The fact that a person takes a photograph or makes an audio or video recording of a public officer or peace officer, while the officer is in a public place or the person taking the photograph or making the recording is in a place he or she has the right to be, does not constitute, in and of itself, a violation of subdivision (a), nor does it constitute reasonable suspicion to detain the person or probable cause to arrest the person." (Cal. Pen. Code §148(g).

72. Plaintiff is informed and believes and thereon alleges that the DEPUTY DEFENDANTS and DOES 2-8, inclusive on the scene took umbrage against Plaintiff recording their actions.

73. In violation of NAZAR YETENEKYAN's First Amendment rights, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, attempted to chill his constitutionally protected activity by escalating the encounter and threatening him with force. Specifically, one of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, first

attempted to obscure the recording taken by NAZAR by blocking NAZAR's camera, and then ordering him to place his cell phone on the ground, which made it impossible for NAZAR to capture the excessive force being used against Gordillo and NAZAR. When NAZAR attempted to videotape the excessive force, one of the DEPUTY DEFENDANTS and DOES 2-8, began to verbally threaten him and then violently threw him to the ground in retaliation for NAZAR exercising his First Amendment right to record law enforcement. See Penal Code §§ 69(b) and 148(g).

74. The actions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, against NAZAR YETENEKYAN would chill a person of ordinary firmness from continuing to engage in the protected activity, in this case the video recording of SHERIFF Deputies.

75. NAZAR YETENEKYAN is informed and believes and thereon alleges that NAZAR YETENEKYAN's protected activity was a substantial motivating factor in the conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

76. As a result of the conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, NAZAR YETENEKYAN was harmed.

77. The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of NAZAR YETENEKYAN and therefore warrants the imposition of exemplary and punitive damages as to the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

78. NAZAR YETENEKYAN also seeks attorney fees under this claim.

**V.**

**FIFTH CLAIM FOR RELIEF**

*Monell* **Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By Plaintiff against Defendants COUNTY and DOES 9-10, inclusive)

79. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

COMPLAINT

80.     When the DEPUTY DEFENDANTS and DOES 2-8, inclusive, brutally beat NAZAR and failed to intervene or intercede while he was unarmed and posed no threat to any other person, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY. Further, when the DEPUTY DEFENDANTS and DOES 2-8 used excessive force against and conducted a *de facto* arrest of NAZAR, while he was unarmed and posed no threat to any other person, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

81.     The DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted under color of state law and within the course and scope of their employment when they intentionally beat NAZAR without there being an immediate threat of serious bodily injury, thereby using excessive and unreasonable force against NAZAR. At all relevant times, NAZAR was unarmed and surrendering. NAZAR did not verbally threaten any person or Deputy, and did not harm any person or Deputy. In fact, NAZAR committed nothing remotely approaching criminal activity throughout the contact with the Deputies.

82.     The DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted under color of state law and within the course and scope of their employment when they intentionally used excessive and unreasonable force against and conducted a *de facto* arrest of NAZAR, thereby causing NAZAR harm. At all relevant times NAZAR was unarmed and engaged in protected activity.

83.     The DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted pursuant to an expressly adopted policy or longstanding practice or custom of the Defendant COUNTY.

84.     On information and belief, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiff's rights.

85.     On information and belief, the COUNTY has deficient policies with respect to the use of force. As a result of these deficient SHERIFFs, the DEPUTY

DEFENDANTS and DOES 2-8, inclusive, used excessive force on Plaintiff and otherwise violated his constitutional rights, resulting in the injuries claimed in this lawsuit.

86.    COUNTY, together with DOES 9-10, inclusive, and various other officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, COUNTY and DOES 9-10 condoned, tolerated and through actions and inactions thereby ratified such policies. COUNTY and DOES 9-10 also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of NAZAR and other individuals similarly situated.

87.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, COUNTY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by COUNTY and DOES 9-10, inclusive were affirmatively linked to and were a significantly influential force behind Plaintiff's injuries.

88.    By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, NAZAR endured substantial physical, mental, and emotional injuries and pain and suffering. Moreover, as a direct and proximate result of the aforementioned unconstitutional policies and customs, NAZAR suffered and endured substantial emotional and mental distress and injuries.

89.    The acts of each of COUNTY and DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

90.    Accordingly, Defendants COUNTY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

COMPLAINT

91.    Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

## VI.

## SIXTH CLAIM FOR RELIEF

### *Monell* Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiff against COUNTY and DOES 9-10, inclusive)

92.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

93.    At all relevant times, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted under color of law and within the course and scope of their employment with the COUNTY.

94.    The acts of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, as described herein, deprived Plaintiff of his particular rights under the United States Constitution, including when they intentionally beat and used excessive force against NAZAR without justification, causing significant injuries, and when they used excessive force against and conducted a *de facto* arrest of NAZAR.

95.    On information and belief, Defendant COUNTY failed to properly and adequately train the DEPUTY DEFENDANTS and DOES 2-8, inclusive, including with regard to the use of physical force generally. The training policies of Defendants COUNTY and its policymakers, including any DOE policymakers, were not adequate to train its Deputies to handle the usual and recurring situations with which they must deal.

96.    On information and belief, the COUNTY failed to properly train their Deputies regarding the use of force. As a result of this deficient policy and deficient training, the Deputy defendants used unlawful excessive force against NAZAR, resulting in the injuries claimed in this lawsuit.

97.    The training policies of Defendant COUNTY were not adequate to train its Deputies to handle the usual and recurring situations with which they must deal,

///

-18-

COMPLAINT

including de-escalation techniques, tactical communication, tactical positioning, and the use of less than lethal force.

98.    On information and belief, there are a number of civil lawsuits and other circumstances wherein the particular failure of the COUNTY and DOES 9-10, inclusive, to train their Deputies in appropriate use of force tactics was evident. These cases involve SHERIFF beatdowns of suspects who had not committed any crime and who were not resistant, much like NAZAR in the instant matter.

99.    Defendant COUNTY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train their Deputies adequately.

100.    The failure of Defendant COUNTY and DOES 9-10, inclusive to provide adequate training caused the deprivation of Plaintiff's rights by the DEPUTY DEFENDANTS and DOES 2-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

101.    By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional failure to train, NAZAR endured substantial physical, mental, and emotional injuries and pain and suffering. Moreover, as a direct and proximate result of the aforementioned unconstitutional failure to train, NAZAR YETENEKYAN suffered and endured substantial emotional and mental distress and injuries.

102.    Accordingly, Defendant COUNTY and DOES 9-10, inclusive, are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

103.    Plaintiff also seeks reasonable attorneys' fees and costs under this claim.

///

///

///

COMPLAINT

# VII.

## SEVENTH CLAIM FOR RELIEF

### *Monell* Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiff against COUNTY and DOES 9-10, inclusive)

104.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

105.   At all relevant times, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted under color of law and within the course and scope of their employment with the COUNTY.

106.   The acts of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, as described herein, deprived Plaintiff of his particular rights under the United States Constitution, including when they intentionally beat and used excessive force against NAZAR without justification, causing significant injuries, and when they used excessive force against and conducted a *de facto* arrest of NAZAR YETENEKYAN

107.   Upon information and belief, a final policymaker, acting under color of law, potentially one or more of DOES 9-10, inclusive, has a history of ratifying the unconstitutional and unreasonable uses of force.

108.   Upon information and belief, a final policymaker for the COUNTY, potentially one or more of DOES 9-10, inclusive, acting under color of law, who had final policymaking authority concerning the acts of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, and the bases for them, ratified the acts and omissions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' acts, specifically approving the DEPUTY DEFENDANTS and DOES 2-8, inclusive, excessive force in the beating of unarmed NAZAR when he was not an immediate threat of death or serious bodily injury, and of the excessive force used against ///

-20-
COMPLAINT

and *de facto* arrest of NAZAR YETENEKYAN when he was unarmed and did not pose any threat to the Deputies.

109. On information and belief, the official policies with respect to the incident are that Deputies are not to use excessive force against an individual. The DEPUTY DEFENDANTS' and DOES 2-8's actions deviated from these official policies. Plaintiff did not pose an immediate threat of death or serious bodily injury to the involved Deputies or anyone else.

110. Upon information and belief, a final policymaker(s) has determined that the acts of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, were "within policy."

111. By reason of the aforementioned acts and omissions, Defendants COUNTY and DOES 9-10, inclusive, are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

112. Plaintiff also seeks reasonable attorneys' fees and costs under this claim.\

## VIII.

## EIGHTH CLAIM FOR RELIEF

### Assault

(By NAZAR against All Defendants)

113. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and affect as though fully set forth herein.

114. On March 10, 2025, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, threatened to cause harmful contact with NAZAR when he approached them seeking help.

115. NAZAR did not consent to the conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

///

///

116. In fact, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, tackled and threw NAZAR to the ground and proceed to punch and strike him multiple times causing catastrophic injuries.

117. The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was a substantial factor in causing NAZAR's harm.

118. The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for NAZAR's rights.

119. The COUNTY is vicariously liable for the acts of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if the act or omission would have given rise to a cause of action against that employee.

## XIII.

## NINTH CAUSE OF ACTION

### Battery

(By NAZAR against All Defendants)

120. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

121. The DEPUTY DEFENDANTS and DOES 2-8, while working as Deputies for the COUNTY's SHERIFF'S DEPARTMENT, and acting within the course and scope of their duties, intentionally battered NAZAR when they punched and elbowed him repeatedly and placed a hand and forearm on his neck to restrict his breathing. As a result of the actions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, NAZAR suffered severe physical, mental, and emotional pain and suffering. The DEPUTY DEFENDANTS and DOES 2-8 had no legal justification for using any force at all against

-22-
COMPLAINT

NAZAR and said defendants' use of force while carrying out their Deputy duties was an unreasonable use of force.

122.    As a direct and proximate result of defendants' conduct as alleged above, NAZAR suffered extreme and severe mental anguish and pain and has been injured in mind and body. NAZAR has suffered significant injuries, including a potentially traumatic brain injury as a result of the conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive.

123.    COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS and DOES 1-10, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124.    The conduct of the DEPUTY DEFENDANTS and DOES 2-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of NAZAR, entitling NAZAR to an award of exemplary and punitive damages.

## X.

### TENTH CLAIM FOR RELIEF

### Negligence

(By NAZAR against All Defendants)

125.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

126.    The actions and inactions of the defendants were negligent and reckless, including, but not limited to:

    a.    The failure to properly and adequately assess the need to detain, arrest, and use force against NAZAR;

    b.    The negligent tactics and handling of the situation with NAZAR, including pre-beating negligence;

c. The negligent detention and use of force against NAZAR;

d. The failure of DOES 9-10 to properly train and supervise employees, both professional and non-professional, including the DEPUTY DEFENDANTS and DOES 2-8;

e. The failure to ensure that adequate numbers of employees with the appropriate education and training were available to meet the needs of and protect the rights of NAZAR;

127. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, NAZAR was caused to suffer severe pain and suffering. Also, as a direct and proximate result of defendants' conduct as alleged above, NAZAR suffered extreme and severe mental anguish and pain and has been injured in mind and body.

128. COUNTY is vicariously liable for the wrongful acts of the DEPUTY DEFENDANTS and DOES 1-10 pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## XI.
## ELEVENTH CLAIM FOR RELIEF
### Negligent Supervision, Hiring, and Retention
(By Plaintiff against COUNTY and DOES 9-10, inclusive)

129. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

130. COUNTY hired the DEPUTY DEFENDANTS and DOES 2-8, inclusive, as Deputies in its SHERIFF'S DEPARTMENT.

///

///

COMPLAINT

131. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, were unfit and/or incompetent to perform the work of a COUNTY SHERIFF Deputy for which they were hired.

132. COUNTY and DOES 9-10, inclusive, knew or should have known that DOES 2-8, inclusive, were unfit or incompetent and that their lack of fitness or incompetence created a particular risk to others, including Plaintiff and other residents of COUNTY.

133. COUNTY's and DOES 9-10, inclusive, negligence in supervising, hiring, or retaining the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was a substantial factor in causing Plaintiff's harm.

134. As a direct and proximate cause of COUNTY's actions or inactions, Plaintiff suffered extreme mental anguish and pain and have been injured in the mind and body.

## XII.

## TWELFTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(By NAZAR against all Defendants)

135. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

136. On March 10, 2025, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, used excessive and unreasonable force against NAZAR when they grabbed, threw him to the ground, punched him and elbowed him repeatedly, restricted his airflow by placing a forearm and hand on his neck, and forcibly restraining him. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, had no reasonable suspicion to detain NAZAR and no probable cause to arrest him, much less use any amount of force on him.

137. NAZAR was not engaged in any criminal activity and was not a threat to himself or to anyone else. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, ///

- 25 -
COMPLAINT

decided to use excessive and unreasonable force and to escalate the situation in a purely punitive decision in order to exact extrajudicial punishment on NAZAR.

138. To further punish NAZAR, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, detained him without reasonable suspicion and arrested him without probable cause.

139. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted in an outrageous way by their unjustified and unreasonable use of excessive force against NAZAR and by their unlawful detention and arrest of NAZAR.

140. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted intentionally and with reckless disregard that NAZAR would suffer emotional stress and distress from such an outrageous and excessive use of force on his person, despite no criminal activity being afoot.

141. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, acted intentionally and with reckless disregard that NAZAR would suffer severe emotional stress and distress from being wrongfully detained without reasonable suspicion, wrongfully arrested without probable cause, and subject to extreme and excessive force at the hands of the Deputies, who were full grown men.

142. As an actual and proximate result of the conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, NAZAR suffered and continues to suffer from severe emotional distress to this day.

143. The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for NAZAR's rights.

144. The COUNTY is vicariously liable for the acts and omissions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, pursuant to California *Government Code* § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their

///

-26-
COMPLAINT

Case 5:26-cv-01499-JGB-ACCV   Document 1   Filed 03/27/26   Page 27 of 29   Page ID #:27

employment if that act or omission would have given rise to a cause of action against that employee.

**XIII.**

**THIRTEENTH CLAIM FOR RELIEF**

**Bane Act (California Civil Code § 52.1) (Count I)**

(By NAZAR against all Defendants)

145.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

146.   On March 10, 2025, the DEPUTY DEFENDANTS and DOES 2-8, inclusive, used excessive and unreasonable force against NAZAR when they grabbed, threw him to the ground, punched him and elbowed him repeatedly, restricted his airflow by placing a forearm and hand on his neck, and forcibly restraining him. The DEPUTY DEFENDANTS and DOES 2-8, inclusive, had no reasonable suspicion to detain NAZAR and no probable cause to arrest him, much less use any amount of force on him. These actions deprived NAZAR of his Fourth Amendment rights.

147.   The actions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, caused injuries to NAZAR.

148.   The DEPUTY DEFENDANTS and DOES 2-8, inclusive, interfered with NAZAR's Fourth Amendment rights to be free from unconstitutional searches and seizures by means of threats to NAZAR's person and intimidation by means of showing unnecessary and unreasonable force under the circumstances.

149.   The DEPUTY DEFENDANTS and DOES 2-8, inclusive, threatened to use force on NAZAR despite the fact that there was no probable cause to detain him and no reasonable suspicion to arrest him. NAZAR had committed no crime and in fact was seeking the help of the very Deputies who brutally attacked him. The Deputies were larger than NAZAR at the time of the beatdown.

///

-27-
COMPLAINT

150.   The conduct of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for NAZAR's rights.

151.   The COUNTY and DOES 9-10, inclusive, are vicariously liable for the acts and omissions of the DEPUTY DEFENDANTS and DOES 2-8, inclusive, pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of their employment if that act or omission would have given rise to a cause of action against that employee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests an entry of judgment in his favor and against Defendants COUNTY OF SAN BERNARDINO, DEPUTY BELER, DEPUTY DOE 1, and DOES 2-10, inclusive, as follows:

A. For Compensatory damages in the amount to be proven at trial;

B. For general and special damages;

C. For exemplary and punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages pursuant to California Civil Code § 52(b)(3);

E. For interest;

F. For reasonable costs of this suit and attorneys' fees; and

G. For such other further relief as the Court may deem just, proper, and appropriate.

Dated: March 30, 2026,                    By:    /s/ Mark J. Skapik
                                                  Mark J. Skapik
                                                  Geralyn L. Skapik
                                                  Matthew T. Falkenstein
                                                  Attorneys for Plaintiff
                                                  NAZAR YETENEKYAN

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.


SKAPIK LAW GROUP


Dated: March 30, 2026,                    By:    */s/ Mark J. Skapik*
Mark J. Skapik
Geralyn L. Skapik
Matthew T. Falkenstein
Attorneys for Plaintiff
NAZAR YETENEKYAN

-29-
COMPLAINT